NOT DESIGNATED FOR PUBLICATION

Nos. 114,410
114,411

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES A. HAYES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed July 15, 2016. Appeal dismissed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., HILL and BRUNS, JJ.

*Per Curiam:* We dismiss as moot these consolidated appeals brought by James A. Hayes from the denial of his motions to correct illegal sentences in two cases.

This is a consolidated appeal in two Sedgwick County criminal cases. In Case No. 98-CR-806, Hayes entered a guilty plea to three counts of aggravated burglary, a severity level 5 person felony. A presentence investigation report indicated Hayes had 1980 and 1986 Missouri convictions for second-degree burglary, and 1989 and 1992 Kansas

1

convictions for burglary, all scored as person felonies. The district court found Hayes had a criminal history score of A and sentenced him to 130 months' imprisonment.

Based on the factual statements of the parties' briefs, in Case No. 09-CR-3234, Hayes entered guilty pleas to:

- one count of attempted aggravated robbery, a severity level 7 person felony;
- one count of aggravated burglary, a severity level 5 person felony;
- one count of aggravated battery, a severity level 7 person felony;
- one count of fleeing and eluding, a severity level 9 person felony;
- one count of battery on a law enforcement officer, a class A person misdemeanor.

The district court found Hayes had a criminal history score of A and sentenced him to 88 months' imprisonment.

Then in February 2015, Hayes filed a motion to correct an illegal sentence in both cases according to the holding in *State v. Murdock*, 299 Kan. 312, 313, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). That same day, Hayes also filed a motion to correct an illegal sentence according to *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 301 P.3d 1054 (2015). The district court denied these motions in April 2015.

An appellate court does not decide moot questions or render advisory opinions. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). This doctrine is not a question of jurisdiction; it is a court policy which recognizes that the role of a court is to "'"determine real controversies relative to the legal rights of persons and properties which

2

are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive."'" *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 886 (2012).

In *State v. Lawrence*, this court held an appeal of an illegal sentence was moot where Lawrence had already served his sentence and was discharged from postrelease supervision prior to the district court's denial of his motion to correct an illegal sentence. No. 113,470, 2015 WL 7434300, at *1-2 (Kan. App. 2015) (unpublished opinion). Similarly, in *Montgomery*, our Supreme Court found Montgomery's appeal of a prison sanction imposed for a probation violation was moot because the prison term Montgomery was ordered to serve had already been completed. 295 Kan. at 844.

Here, Hayes has already served his underlying prison sentence in his 1998 case. He completed the incarceration portion of his sentence on February 2, 2009. Hayes was then released to postrelease supervision; however, the term of Hayes' postrelease supervision was controlled by statute, not his criminal history score. See K.S.A. 1997 Supp. 22-3717(d)(1)(A). Accordingly, any judgment rendered by this court would be ineffectual for any purpose. See *Lawrence*, 2015 WL 7434300, at *2. The issue is therefore moot.

Even if this court were to consider Hayes' arguments regarding his sentence in his 2009 case, the issue is still moot. Hayes had three person-felony convictions in his 1998 case. Because of these convictions, Hayes' criminal history score at sentencing in his 2009 case would have been A regardless of any other convictions the district court may have considered. Further, because Hayes has three 1998 Kansas person-felony convictions and four 2009 Kansas person-felony convictions, his criminal history score will be A in the event he is ever sentenced for another crime. See K.S.A. 2015 Supp. 21-6809; K.S.A. 2015 Supp. 21-6810. A criminal history score of A is the highest possible score under the Kansas Sentencing Guidelines Act; therefore, there is no risk a sentencing

court might improperly take judicial notice of the journal entry in either his 1998 or 2009 cases. The issue is moot.

Appeal dismissed.